# JUNE TERM, 1902.*

BOARD OF WATER COMMISSIONERS OF DETROIT v. DETROIT CITIZENS' STREET-RAILWAY CO.

131   1'
e137  245

MUNICIPAL CORPORATIONS — DETROIT WATER BOARD — STREET SPRINKLING—COMPENSATION.

> The duty to erect fire hydrants, devolving upon the board of water commissioners of the city of Detroit, carries with it the duty to supply them with water; and hence, in the absence of statutory provision, the board is not entitled to compensation for water taken from such hydrants for a general public purpose,—*e. g.*, the sprinkling of the city streets.

Error to Wayne; Rohnert, J. Submitted April 22, 1902. (Docket No. 1.) Decided June 3, 1902. Rehearing denied June 27, 1902.

*Assumpsit* by the board of water commissioners of the city of Detroit against the Detroit Citizens' Street-Railway Company to recover compensation for water furnished for street sprinkling. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Brennan, Donnelly & Van De Mark*, for appellant.

*Gray & Gray*, for appellee.

HOOKER, C. J. The controlling question in this case rests upon a construction of the statute providing for supplying water to the city of Detroit for the public and private uses of its inhabitants. See Act No. 90, Laws 1853, §§ 5, 7. It is whether, under the law, the board must furnish water, from the hydrants or jets established

---

* Continued from Vol. 130.

by it, for street sprinkling gratuitously, or is entitled to compensation from the city funds therefor.

We have had occasion to consider this law in connection with somewhat similar claims of the city on two occasions,—first in the case of *City of Detroit* v. *Board of Water Com'rs*, 108 Mich. 496 (66 N. W. 377, 31 L. R. A. 463), where it was sought by the city to save to itself the expense of supplying its house of correction with water, by compelling the water board to furnish it free; second, in the case of *Board of Water Com'rs of Detroit* v. *Commissioners of Parks and Boulevards*, 126 Mich. 459 (85 N. W. 1132), which grew out of an attempt by the latter board to shift upon the water board the cost of maintaining (*i. e.*, supplying with water) all of the fountains that the park board might see fit to establish in the parks of the city. In each case the liability of the water board to such inroads upon its funds was denied. In the first of the cases cited, the court was unanimous in holding that there was no obligation upon the water board to furnish water for the institution mentioned, although it cannot be denied that it was a public purpose. That case established the rule that the law does not require the water board to furnish water free for all public purposes, and it went no further; expressly saving the question as it relates to general public purposes. In the second case mentioned, the court was not unanimous, three opinions being written. Two of the members thought the obligation to furnish free water for park fountains rested upon the board; three were of the opinion that it did not; and while two of these rested their decision on the broad ground that the general public must pay for all water furnished for all public purposes, and that the legislature alone possesses the power to exempt the city from the obligation, and that it has not exercised such power, three did not concur in so broad a doctrine, and the decision went no further than to decide that the water board need not furnish water for park fountains free. In this case we must determine whether the purpose of sprinkling streets is one for which the board must provide the water

without compensation.    While this sprinkling was done by a private corporation, it was required by the common council, and the case should be treated as though the sprinkling was done by the city employés.

It has been shown that the object of the act was to furnish water for the public and private uses of the inhabitants of the city; and there is no express provision for payment for water used for the general and ordinary public purposes, such as fire and street uses.    On the other hand, there is an evident intention to keep the reasonable control of the use of water for these purposes in the board, so far as it is practicable, and not to give to the council or any other board unlimited control and power to make requisitions upon the water board, although the use of the hydrants, etc., is confided to the proper departments.    Section 7 makes it the duty of the water board to equip itself with the necessary or desirable machinery and fixtures to furnish a full water supply for public and private use in the city.    *To that end* it is given power to erect such fixtures as "reservoirs, jets, and fire hydrants," lay pipes, etc., in and upon the public grounds.    The section is as follows:

"Said commissioners shall have power, and it is hereby made their duty, as soon as may be after the necessary funds have been procured as herein provided, to purchase such land and materials, and to construct such reservoirs, buildings, machinery, and fixtures, as shall be deemed necessary or desirable to furnish a full supply of water for public and private use in said city.

"SEC. 8.    Said commissioners shall have power to construct reservoirs, jets, and fire hydrants at such localities in said city as they may deem expedient and necessary, and to lay pipes in and through all the alleys and streets of said city; and also to construct in such localities as they may deem expedient, not exceeding one to each block, hydrants for public use, and to keep the same in repair; and also, with the consent of the common council of said city, to construct fountains in the public squares, or such other public grounds of said city as they shall deem expedient."

From the reading of section 8, we may reasonably under-

stand that the water board, and not the council, is charged with the duty of locating fire hydrants and jets for public purposes. The council cannot control this. The same may be said of the hydrants for public use. These are evidently intended for the use of the individual, as contra-distinguished from the jets or fire hydrants, which are for the corporate use for general public purposes, such as fire, flushing sewers, street washing, and sprinkling. A limitation is put upon the power of the water board as to hydrants for public use, and the board is not given power to erect fountains, except with the consent of the council. It would seem that the responsibility for the erection and maintenance of all of these things is wholly upon the board, except as limited by the requirement as to fountains. It is discretionary with them when and where these things shall be, and when they shall be discontinued or removed; but, while continued, the expense falls upon the board. The discretion alluded to is not an arbitrary one, but one which is to be exercised reasonably in the furtherance of the general design of the law. This construction recognizes the propriety of a return to the public for the aid furnished by it in erecting the plant, provided for by section 4 of the original act, and by the act of 1873 (Act No. 302, Laws 1873), which provided for a loan of $1,000,000, and an annual tax of $75,000, without jeopardizing the scheme by turning it over to the control of the council, or subjecting it to the insatiate demands of the various other boards, departments, and public institutions of the city. We are of the opinion that the defendant is not liable to the plaintiff for the water used.

The judgment is reversed, and judgment will be entered here for the defendant, with costs of both courts.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.

### ON MOTION FOR REHEARING.

PER CURIAM. Upon motion for a rehearing, counsel, for the first time, cite an amendment to the statute cited

in the opinion heretofore filed, and assert that it is inconsistent with the construction given to the law. It is Act No. 359, and is found in 3 Laws 1873, p. 125.

We think this act does not indicate an intention to curtail the uses of water for public purposes mentioned in our former opinion. On the contrary, it requires the water board to provide fire hydrants when required by the council or board of fire commissioners. Our former opinion does not indicate that fire hydrants may be used only for fire purposes, or that jets only may be used for other public purposes. Possibly it has been found that fire hydrants are sufficient for all of those purposes, and the jets may have been omitted from the amended section for that reason. The fire hydrant was used in this instance, and it was so understood when the opinion was written.

A rehearing is denied.