BOARD OF WATER COMMISSIONERS OF DETROIT v.
BOARD OF EDUCATION OF DETROIT.

MUNICIPAL CORPORATIONS—MUNICIPAL BOARDS—WATER.
  The board of water commissioners of the city of Detroit, re-
    quired by the charter of the city to "furnish a full supply of
    water for public and private use in said city," is entitled to
    receive pay for furnishing water to the board of education of
    Detroit, as the latter is a distinct entity although coextensive
    with the city.  Act No. 90, Laws 1853.

Error to Wayne; Rohnert, J.  Submitted April 12,
1904.  (Docket No. 47.)  Decided July 16, 1904.

Assumpsit by the board of water commissioners of the
city of Detroit against the board of education of the city
of Detroit for water furnished.  There was judgment for
defendant on a verdict directed by the court, and plaintiff
brings error.  Reversed.

*John W. McGrath,* for appellant.

*P. J. M. Hally,* for appellee.

MONTGOMERY, J.  The question in this case is whether,
under the act of 1853 (Laws 1853, Act No. 90), establish-
ing a water board, and under the amendments to that act,
the plaintiff is entitled to receive pay for water furnished
to the school board.  The circuit judge, while of the opin-
ion that, as a matter of right and justice, this question
should be answered in the affirmative, concluded that this
court had, in effect, decided the question the other way in
*Board of Water Com'rs of Detroit* v. *Railway Co.,*
131 Mich. 1 (90 N. W. 657, 91 N. W. 171), and directed a
verdict for the defendant.  The case cited above was con-
strued by the circuit judge as holding that the board of
water commissioners was not authorized to exact pay for

water used for public purposes of any kind. So construed, the case would be inconsistent with *City of Detroit* v. *Board of Water Com'rs*, 108 Mich. 496 (66 N. W. 377, 31 L. R. A. 463), and *Board of Water Com'rs of Detroit* v. *Commissioners of Parks and Boulevards*, 126 Mich. 459 (85 N. W. 1132). The authority of each of these cases was recognized in *Board of Water Com'rs of Detroit* v. *Railway Co.* That case was determined under the view that the terms of section 8 of the act in question plainly implied that water used for street sprinkling purposes should be supplied by the water board.

It was stated by Chief Justice Hooker:

"From the reading of section 8 we may reasonably understand that the water board, and not the council, is charged with the duty of locating fire hydrants and jets for public purposes. The council cannot control this. The same may be said of the hydrants for public use. These are evidently intended for the use of the individual as contradistinguished from the jets or fire hydrants, which are for the corporate use for general public purposes, such as fire, flushing sewers, street washing and sprinkling. A limitation is put upon the power of the water board as to hydrants for public use, and the board is not given power to erect fountains, except with the consent of the council. It would seem that the responsibility for the erection and maintenance of all of these things is wholly upon the board, except as limited by the requirement as to fountains. It is discretionary with them when and where these things shall be, and when they shall be discontinued or removed, but, while continued, the expense falls upon the board."

It will be seen that this comes far short of holding that any board of the city, or even the common council, may demand free water for any public use desired. The defendant, while coextensive with the city, is a distinct entity, and stands, with reference to free water, on no better ground than the house of correction. The case is ruled by *City of Detroit* v. *Board of Water Com'rs*, 108 Mich. 494 (66 N. W. 377, 31 L. R. A. 463).

Judgment reversed, and a new trial ordered.

The other Justices concurred.